IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAWRENCE LAMAR DEAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) Civil Action No. |
| v. | ) 2:20-cv-736-WKW-SMD |
| | ) [WO] |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the Court on Petitioner Lawrence Lamar Dean's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, filed on September 8, 2020. (Doc. 1). Dean challenges his conviction for unlawful possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)) and his resulting 70-month sentence. *Id.* For the following reasons, the Motion should be dismissed without prejudice.

As explained in *United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990), a district court lacks jurisdiction over a petitioner's 28 U.S.C. § 2255 motion during the pendency of an appeal from the judgment challenged in the § 2255 motion.[1] Here, Dean filed a notice of appeal from the district court's judgment on May 1, 2020. (Criminal Case No. 2:19cr43, Doc. 46). Dean's appeal has been assigned USCA Case No. 20-11804. *Id*.

---

[1] In *United States v. Khoury*, a defendant filed a § 2255 motion after he filed a notice of appeal. 901 F.2d 975, 976 (11th Cir. 1990). The district court denied the motion on the ground that the court lacked jurisdiction because jurisdiction had vested in the court of appeals for the pendency of the appeal. *Id.* The Eleventh Circuit affirmed the district court's decision, explaining that "[t]he general rule is that a defendant may not seek collateral relief while his direct appeal is pending." *Id.* (citing *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (per curiam)).

at Doc. 48.  To date, Dean's appeal remains pending before the Eleventh Circuit Court of Appeals.  During the pendency of Dean's appeal, this Court lacks jurisdiction to consider his motion for relief under 28 U.S.C. § 2255. The Motion should therefore be dismissed without prejudice.  Dean may refile a § 2255 motion when jurisdiction is vested in the district court.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Dean's 28 U.S.C. § 2255 motion (Doc. 1) be DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that the parties shall file any objections to this Recommendation **on or before November 10, 2020**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this the 27th day of October, 2020.

/s/ Stephen M. Doyle
CHIEF UNITED STATES MAGISTRATE JUDGE